PEOPLE v. FAMILY FUND SOC. In re OLIVER. (Supreme Court, Appellate Divi- sion, First Department. June 28, 1898.) Ac- tion by the people of the state of New York against the Family Fund Society, and in the matter of the petition of Francis V. S. Oliver, re- ceiver. Raphael J. Moses, for appellant. Ernest Hall, for respondent.

PEOPLE v. FAMILY FUND SOC. In re WRIGHT et al. (Supreme Court, Appellate Di- vision, First Department. June 28, 1898.) Ac- tion by the people of the state of New York against the Family Fund Society, and in the matter of the petition of James Wright and oth- ers, living members. Raphael J. Moses, for ap- pellant. Ernest Hall, for respondent.

INGRAHAM, J. In this action, brought to dissolve the corporation known as the "Family Fund Society," a receiver was duly appointed. Subsequently, the receiver, under an order of the court, paid out to certain creditors of the corpo- ration certain funds in his hands; and this pe- tition asks that an order, a copy of which is annexed to the petition, should be entered, and for such other relief as may be just. The prin- cipal object sought to be attained by this mo- tion was to have the various petitioners whose names are annexed to the petition, upward of 250 people, made parties to this proceeding, to vacate various orders approving the accounts of the receiver, to vacate an order entered on Oc- tober 28, 1893, and directing the transfer of $25,000 to the receiver. The motion was de- nied, except so far as to require the receiver to file a new bond; and we think the order should be affirmed. All the relief that the appellants are entitled to can be obtained on the final ac- counting of the receiver; and it seems to be un- necessary to expose this estate to the expense of such a proceeding as is here sought to be instituted. If these appellants have any interest in this fund or in the property in the hands of the receiver, they can apply to the court to compel the receiver to file his final accounts; and upon that accounting the question as to the re- sponsibility of the receiver for the funds which have come into his hands, and as to the disposi- tion to be made of such funds, can be ascer- tained and determined. This proceeding is en- tirely unnecessary, and would simply expose what is left in the hands of the receiver to large

expenses, which would probably absorb all that there is. The order appealed from is affirmed, with $10 costs and disbursements. All concur.